IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JUSTIN KELLAM,

               Plaintiff,

    v.

BANDON DUNES L.P.,

               Defendant.

_____

Case No. 6:25-cv-00686-AP

**FINDINGS &
RECOMMENDATION**

POTTER, United States Magistrate Judge:

Plaintiff Justin Kellam seeks leave to amend his complaint to clarify the facts and add a deficient designation notice theory under his FMLA Interference Claim. Mot. Am., ECF No. 23. Plaintiff's new designation notice theory alleges that Defendant Bandon Dunes violated his rights by failing to provide him with a designation notice of his FMLA rights, and/or by providing a deficient designation notice. Mot. Am. Ex. 1, at ¶¶ 10-11, 51-53. Defendants oppose the motion, contending that the amendments are futile and would be prejudicial. Def.'s Resp., ECF No. 26. For the reasons stated below, Plaintiff's motion to amend should be granted.

## BACKGROUND

Plaintiff worked as a bartender for Defendant from October 2006 until November 2024. Mot. Am. Ex. 1, at ¶ 4. In 2023, Plaintiff began experiencing pain in his hip and was diagnosed with a labral tear in his hip. Mot. Am. Ex. 1, at ¶ 8. In early April 2024, Plaintiff requested medical leave from work to undergo surgery as recommended by his doctor. Mot. Am. Ex. 1, at ¶ 9.

PAGE 1 – FINDINGS & RECOMMENDATION

According to Defendants, FMLASource, Defendant's leave administrator, sent Plaintiff a letter dated April 11, 2024. Wallis Decl. Ex. 2, at 6-7, ECF No. 27. The letter stated that Plaintiff was approved for leave under the FMLA for 12 continuous weeks from May 2024 to August 4, 2024. Mot. Am. Ex. 1, at ¶10; Wallis Decl. Ex. 2, at 6-7.

A packet of information was included with the April 11 letter from FMLASource. Wallis Decl. Ex. 2. Plaintiff refers to this as "the packet." Pl.'s Reply 9. Within the packet were multiple documents including a "Return to Work Authorization" form and "Your Next Steps" which states, "Before you return to work, you will be required to present proof of your certified Fitness for Duty." Wallis Decl. Ex. 2, at 9-10.

During and after his FMLA leave, Plaintiff provided Defendant with doctor's notes and two "Return to Work Authorization" forms which cleared Plaintiff to work within restrictions. Mot. Am. Ex. 1, at 3-5. Near the end of Plaintiff's FMLA leave, Defendant informed him that to restore him to his position he was required to obtain a full medical release with no restrictions. Mot. Am. Ex. 1, at ¶ 17. Plaintiff did not obtain a full medical release, and Defendant did not permit Plaintiff to resume work at the end of his protected leave. Mot. Am. Ex. 1, at ¶ 19. Instead, Defendant offered Plaintiff 90 days of unpaid personal leave. Mot. Am. Ex. 1, at ¶ 21. In November 2024, Plaintiff emailed Defendant and requested to engage in the interactive process for a reasonable accommodation under the ADA. Mot. Am. Ex. 1, at ¶ 34. The following day, Defendant called Plaintiff and terminated his twenty-year long employment. Mot. Am. Ex. 1, at ¶ 35.

Plaintiff filed this action in Coos County in March 2025; Defendant removed the case to this Court in April 2025. ECF No. 1. Shortly thereafter, Plaintiff filed an amended complaint. First Am. Compl., ECF No. 7 (FAC).

PAGE 2 – FINDINGS & RECOMMENDATION

In June 2025, this Court issued a scheduling order, setting the Rule 16 Conference for August 26, 2025, and vacating all previous deadlines. Sched. Order, ECF No. 11. No deadline for amended pleadings was set at the conference. Mins. Proceeding, ECF No. 12. The current deadline for discovery is July 31, 2026, and the deadline for dispositive motions is October 13, 2026. Apr. 13, 2026 Order, ECF No. 25.

Nearly a year after the first Amended Complaint was filed, Plaintiff filed the instant motion on April 6, 2026. Mot. Am.

## STANDARDS

After the initial pleading stage, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality." (internal quotations and citations omitted)). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citation omitted).

## DISCUSSION

### I.  Local Rules

Defendant first argues that Plaintiff's motion should be denied on procedural grounds for failing to comply with Local Rules 7-1 and 15-1. Def.'s Resp. 7.

PAGE 3 – FINDINGS & RECOMMENDATION

Local Rule 7-1 requires certification that "the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so." L.R. 7-1(a)(1). The purpose of Local Rule 7-1 is "to encourage parties to resolve amicably disputes when possible, preserving judicial resources for those matters that require the court's intervention." *Thompson ex rel. Thorp Fam. Charitable Remainder Unitrust v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004). At its discretion, the Court may deny any motion that fails to meet the conferral certification requirement. L.R. 7-1(a)(3); *cf. Lewis v. Elsanadi*, No. 10-CV-274-PK, 2010 WL 11700918, at *1 (D. Or. June 4, 2010) (granting the motion to amend because the parties' arguments "strongly suggest that conferral would not have resulted in resolution of the parties' dispute").

Defendant asserts that Plaintiff did not meaningfully confer before filing as required by Local Rule 7-1. Def.'s Resp. 8. Plaintiff first contacted Defendant about the proposed second amended complaint (PSAC) on February 27, 2026. Wallis Decl. Ex. 3, ECF No. 27. Subsequently, the parties exchanged at least 14 emails, held a telephonic conferral, and reviewed a draft of the PSAC. Wallis Decl. Ex. 3; Wallis Decl. Ex. 4. The parties disagreed regarding new factual allegations in emails dated March 26 and April 6. Wallis Decl. Ex. 4, at 1; Wallis Decl. Ex. 4, at 2. Following the April 6 email, Plaintiff did not wait for a response from Defendant regarding the new factual dispute before he filed the motion. Wallis Decl. Ex. 4, at 1.

There is no dispute that the PSAC contains new allegations. Pl.'s Reply 6, ECF No. 29. While Plaintiff did not wait for a response from counsel before filing, the theories alleged in the PSAC are consistent with Plaintiff's February 27 email to Defendant. Wallis Decl. Ex. 3.

The record of several communications between parties demonstrates a good-faith effort by Plaintiff to comply with Local Rule 7-1's conferral requirement. "If the rule is to mean

PAGE 4 – FINDINGS & RECOMMENDATION

anything at all, at least the spirit of its substantive requirements must be met." *Thompson*, 324 F. Supp. 2d at 1172. Additionally, as in *Lewis*, the Court's review of the record suggests that further conferral would not have resolved the parties' dispute over the facts alleged under Plaintiff's designation notice theory. The Court finds that Plaintiff made a good-faith effort to meet the conferral requirement of Local Rule 7-1.

Defendant also asserts that Plaintiff violated Local Rule 15-1. Def.'s Resp. 9. Local Rule 15-1 requires that a motion for leave to amend a pleading must describe the proposed changes. L.R. 15-1(a)(2). The motion must also attach a copy of the proposed pleading that shows, through redlining or other similarly effective methods, how the amended pleading differs from the operative complaint. L.R. 15-1(b)(1). A court may deny a motion when the movant fails to attach a redlined copy of the proposed amendment. *See, e.g., Pastrana v. City of Portland*, No. 3:24-CV-00587-AB, 2025 WL 2388629, at *2 (D. Or. Aug. 18, 2025); *Wright v. Am.'s Bull. Newspaper Corp.*, No. 10-CV-6118-PK, 2011 WL 2213722, at *10 (D. Or. May 5, 2011), *report and recommendation adopted,* 2011 WL 2194448 (D. Or. June 2, 2011).

Here, Plaintiff did attach a redlined copy when he filed for leave to amend his complaint. Mot. Am. Ex. 1, ECF No. 23. However, the PSAC contains redlined text that did not appear in the operative complaint. Mot. Am. Ex. 1, at 11. Plaintiff asserts that this redlined text is the result of typographical errors during the drafting and conferral process. Pl.'s Reply; Symes Decl., ECF No. 30.

Defendant asserts that Plaintiff misrepresented his proposed amendments, denying it meaningful notice of the theories alleged and causing undue burden. Def.'s Resp. 10. While Local Rule 15-1 does not require notice, parties are entitled to know the nature of the claims against them without undue burden. *Wright*, 2011 WL 2213722, at *12.

PAGE 5 – FINDINGS & RECOMMENDATION

In *Wright*, the *pro se* parties filed five motions relating to amendment of pleadings. 2011 WL 2213722 *10. The parties failed to seek leave to amend from the Court and did not attach the required redlined documentation. *Id.* at *11. This constituted undue burden upon the parties as they would have had to engage in reconciliation of multiple documents and guesswork to determine the allegations against them. *Id.* at *12. As a result of these clear violations of Local Rule 15-1, the Court denied all five motions without prejudice. *Id.* at *10. Defendant's undue burden argument relies heavily on *Wright*. Def.'s Resp. 10.

Here, unlike in *Wright*, Plaintiff filed one motion for leave to amend and attached the required redlined copy of the PSAC. Mot. Amend, Ex. 1. While the reconciliation of the extraneous redlined text should not have been necessary, it is not comparable to the undue burden of reconciliation and guesswork required by the parties in *Wright*.

Plaintiff should be more diligent in reviewing all documentation filed with the Court. If he had been with the redlined copy of the PSAC, this issue would have been avoided. Nonetheless, Plaintiff made clear the changes in the PSAC through the attached legal memorandum, reply, and declaration.

The Court is satisfied that the requirements of Local Rule 15-1 were met and the typographical errors in the PSAC are not compelling enough to deny Plaintiff's amended complaint on procedural grounds.

## II.    Federal Rule of Civil Procedure 15

Defendant argues that Plaintiff should not be permitted to amend his complaint to include a new designation notice theory because the proposed amendments are futile, were proposed after undue delay, and are prejudicial to Defendant. Def.'s Resp. 11.

## A. *Futility of Amendment*

A proposed amendment is futile if it fails to state a claim upon which relief can be granted. *See, e.g.*, *Schoene v. Spirit Airlines, Inc.*, 726 F. Supp. 3d 1248, 1256 (D. Or. 2024); *Barber v. Select Rehab., LLC*, No. 3:18-CV-01235-SB, 2019 WL 2028519, at *1 (D. Or. May 8, 2019). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

### 1. *Factually Controverted*

Defendant asserts that Plaintiff's new designation notice theory is futile because it relies on facts that are contradicted by documents incorporated in Plaintiff's PSAC. Def.'s Resp. 13. The designation notice letter and accompanying packet are the documents at issue. Wallis Decl. Ex. 2.

Documents referred to in a pleading may be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted). Plaintiff refers to the designation notice extensively in his PSAC, and it forms the basis of his new deficient designation notice theory under his FMLA Interference Claim. Mot. Am. Ex. 1, at ¶¶ 10-11, 51, 53. The designation notice is, therefore, incorporated by reference.

Under his new designation notice theory, Plaintiff alleges he never received the April 11 letter from FMLASource, which he refers to as the "designation notice." Mot. Am. Ex. 1, at ¶ 10; Kellam Decl. ¶ 3, ECF No. 31; Pl.'s Reply 7. Plaintiff also alleges that, even if he did receive it, the "designation notice" does not include a fitness-for-duty certification requirement. Mot. Am. Ex. 1, at ¶ 11; Pl.'s Reply 7.

Contrary to Plaintiff's new allegation, Defendant avers that the "April 11 designation notice" contains "precisely the information that Bandon Dunes required of Plaintiff in order to return to work." Def.'s Resp. 13 (emphasis omitted). When a complaint contradicts legally significant facts in a document incorporated by reference, the specific facts in the document are controlling. *In re Finjan Holdings, Inc.*, 58 F.4d 1048, 1052 (9th Cir. 2023). It is not disputed that the packet contains the documents titled "Return to Work Authorization" and "Your Next Steps." Pl.'s Reply 9. However, Plaintiff distinguishes the "designation notice" from the packet. Pl.'s Reply 9. He specifically refers to the two pages of the April 11 letter as the "designation notice." Pl.'s Reply 7. While documents in the packet contain language regarding fitness for duty, the two pages Plaintiff refers to as the "designation notice" do not. Wallis Decl. Ex. 2, at 6-7, 9-10. Plaintiff's allegation that Defendant failed to provide the necessary a fitness-for-duty certification requirement in the "designation notice" is not factually controverted by the incorporated Aprill 11 letter. The allegation remains a dispute of fact and Plaintiff's PSAC is not futile on this basis.

### 2. *Prejudice is Required to State a Claim*

Defendant asserts that Plaintiff's proposed amendments are futile because he has not claimed, and cannot claim, that he was prejudiced by the alleged deficient FMLA designation notice. Def.'s Resp. 11. However, "if the underlying facts or circumstances possibly could 'be a proper subject of relief, a plaintiff ought to be afforded an opportunity to test his claim on the merits.'" *Schoene*, 726 F. Supp. 3d at 1256 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation modified)).

To prevail on an FMLA interference claim, the employee must first prove that their employer interfered with their exercise of FMLA rights. *Olson v. United States by & through*

*Dep't of Energy*, 980 F.3d 1334, 1338 (9th Cir. 2020). To obtain relief, the employee must also prove that they were prejudiced by their employer's interference with their exercise of FMLA rights. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). Failure to provide an employee with proper notice of their FMLA rights does not alone constitute a cause of action. *Id.*; *Olson*, 980 F.3d at 1338.

Plaintiff alleges that he did not receive the April 11 designation notice and packet. Pl.'s Reply 7. And failure to follow the notice requirements may constitute interference with, restraint, or denial of the exercise of an employee's FMLA rights. 29 C.F.R. § 825.300(e) (2025). Defendants, of course, disagree regarding the lack of notice. But taking Plaintiff's allegation as true for purposes of a motion to amend—which this Court is required to do—this alleged failure to properly notify an employee of their FMLA rights may constitute interference.

Similarly, an employer's violation of the fitness-for-duty certification requirements can constitute prejudice to the employee. *Mooney v. Roller Bearing Co. of Am., Inc.*, No. C20-1030-LK, 2022 WL 1014904, at *19 (W.D. Wash. Apr. 5, 2022), *amended on reconsideration*, 2022 WL 1289600 (W.D. Wash. Apr. 29, 2022) (denying summary judgment where dispute of fact existed over who was responsible for the delay of the plaintiff's return to work). When determining whether the plaintiff was prejudiced by the employer's untimely designation notice, the court found "it would be reasonable to conclude that being denied wages during a delay in return to work . . . caused by an employer's untimely notification of its certification requirement would tend to chill employees from seeking leave under the FMLA." *Id.*

The Ninth Circuit interprets prohibited interference as "engaging in activity that tends to chill an employee's freedom to exercise FMLA rights." *Olson*, 980 F.3d at 1338. "The court has no difficulty finding that withholding an employee's wages for weeks and/or months would

PAGE 9 – FINDINGS & RECOMMENDATION

reasonably likely deter someone from engaging in protected activity." *United States v. Hawaii*, No. 14-CV-00214-JMS-RLP, 2015 WL 5063956, at *14 (D. Haw. Aug. 26, 2015).

Plaintiff was unable to return to work at the end of his FMLA leave, which resulted in lost wages. Mot. Am. Ex. 1, at ¶¶ 19, 21, 43. If Defendant's designation notice is responsible for Plaintiff's delay of reinstatement and subsequent termination of employment, it could constitute prejudice to Plaintiff. *Mooney*, 2022 WL 1014904, at *19. Plaintiff's new deficient designation notice theory sufficiently alleges prejudice and states a claim on which relief could be granted.

### B.  *Undue Delay in Filing the Amended Complaint*

Defendant argues that Plaintiff's motion for leave to amend should be denied because it was filed after undue and unexplained delay. Def.'s Resp. 14. Plaintiff moved to amend his complaint nearly a year after his first amended complaint, which was filed in May 2025. FAC. There is no deadline for amended pleadings. Apr. 13, 2026 Order.

A court may deny a motion to amend when there is undue delay in the filing of the amended pleading. *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117. To determine undue delay the court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (affirming district court's denial of motion to amend where appellants filed over a year after informing the court of their intention to amend and did not justify the delay with new facts or theories from the discovery period). That a party "could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). Case deadlines are also taken into consideration. *See., e.g.*, *Solomon v. N. Am. Life & Cas. Ins. Co.,* 151 F.3d 1132, 1139 (9th

Cir.1998) (affirming the district court's denial of motion to amend pleadings filed on the eve of the discovery deadline).

Defendant argues that Plaintiff could have included the new proposed allegations in the original pleading because he was on notice of fitness-for-duty certification since he went on FMLA leave in May 2024 and has alleged no newly discovered facts. Def.'s Reply 14. However, because Plaintiff alleges that he did not receive Defendant's April 11 designation notice, this controverts Defendant's assertion that Plaintiff knew of the designation notice violations when he filed his complaint in May 2025. Pl.'s Reply 13. Plaintiff further contends that the proposed amendment arises from fitness-for-duty certification violations that were not discovered until conferral over this motion, which began in February 2026. Pl.'s Reply 13; Wallis Decl. Ex. 3.

Unlike in *Jackson*, Plaintiff's amendments are related to newly discovered facts which arose during the discovery period. Pl.'s Reply 13. Defendant will have full opportunity to defend against the new theories and facts alleged in the PSAC as discovery remains open until July 31, 2026. Apr. 13, 2026 Order.

Plaintiff also calls attention to the statute of limitations for an FMLA interference claim, which "may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). Plaintiff's PSAC is within the statute of limitations as it was filed less than two years from when Defendant did not reinstate Plaintiff at the end of his leave. Mot. Am. Ex. 1, at ¶ 20.

Plaintiff's amendments are related to newly discovered facts, the statute of limitations has not expired, discovery remains open, and there is no deadline for amended pleadings. The Court finds no undue delay.

PAGE 11 – FINDINGS & RECOMMENDATION

### C. *Prejudice to Defendant if the Motion to Amend is Granted*

Defendant argues that granting this motion would place significant prejudice upon it, adding "'nothing to this case except more time and money' for the parties and this Court." Def.'s Resp. 16 (quoting *Slockish v. United States Fed. Highway Admin.*, No. 3:08-CV-1169-ST, 2015 WL 13667112, at *7 (D. Or. Dec. 17, 2015)). If the motion is granted, Defendant claims it would incur increased expenses such as the cost of deposing Plaintiff again; serving additional discovery; seeking additional information from and potentially deposing their FMLA administrator, FMLASource; and time spent exploring additional defenses. Def.'s Resp. 16.

Leave to amend should not be permitted if it causes substantial prejudice to the opposing party. *Int'l Wood Prods., LLC v. CLG Enter., Inc.*, No. 3:24-CV-00331-JR, 2025 WL 3732154, at *4 (D. Or. Nov. 17, 2025) (internal citation omitted). "Substantial prejudice exists where permitting leave to amend would create additional discovery or cost, whether by altering the nature of the litigation or causing an extreme delay late in the litigation." *Id.* (internal citation and quotations omitted); *cf. Knight Transp., Inc. v. Baldwin & Lyons, Inc.*, No. 10-CV-1835-PHX-SMM, 2014 WL 296681, at *7 (D. Ariz. Jan. 27, 2014) (finding no undue or significant prejudice when parties are still conducting discovery). The party opposing the amendment bears the burden of showing prejudice. *Eminence Capital*, at 1052 (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). Prejudice can be found when the proposed amendment would radically shift the focus of litigation and include extensive discovery on a newly introduced issue. *Slockish*, WL 13667112, at *6.

In this case, like in *International Wood Products*, discovery is ongoing and no trial date has been set "as the parties have not fully consented to the jurisdiction of a Magistrate Judge, meaning that some time remains before the present motions are finally resolved and additional

PAGE 12 – FINDINGS & RECOMMENDATION

deadlines, if any, are set." 2025 WL 3732154, at *4. If the PSAC is permitted, Plaintiff's new theory under his FMLA interference claim would not radically shift the focus of litigation and the factual basis for the amendments relates closely to the original claims. FAC ¶ 14. The relatively minimal additional discovery and costs that Defendant cites do not demonstrate substantial prejudice. The Court concludes that granting the motion for leave to amend would not substantially prejudice Defendant.

Absent prejudice or a strong showing of the other relevant factors, in this case undue delay and futility, under Rule 15 there is a presumption in favor of granting leave to amend. *DCD Programs, Ltd.*, 833 F.2d at 186. The Court find that there is no substantial prejudice nor a strong showing of undue delay and futility that would justify denying Plaintiff's motion for leave to amend.

## RECOMMENDATION

Plaintiff's Motion for Leave to Amend (ECF #23) should be GRANTED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this <u>14th</u> day of July, 2026.

<u> /s/Amy E. Potter             </u>
AMY E. POTTER
United States Magistrate Judge

PAGE 14 – FINDINGS & RECOMMENDATION